## WAYLAND KNOWLTON

*vs.*

## COUNTY COMMISSIONERS OF WALDO COUNTY.

### Waldo. Opinion February 24, 1887.

*Fees. Trial justices. R. S., c. 115, § 2. Stat. 1885, c. 345.*

The fees to which trial justices are entitled by law in criminal prosecutions are provided for in § 2, c. 116, R. S.

The allowance of eighty cents for the trial of an issue applies only to civil proceedings.

ON exceptions to the ruling of the court in refusing to grant the writ of mandamus on plaintiff's petition.

The opinion states the facts.

*Wayland Knowlton,* for plaintiff.

*Thompson and Dunton,* for defendants.

FOSTER, J. The petitioner seeks for mandamus to compel the county commissioners of Waldo county to audit and allow, in three criminal bills of cost, certain items to which he claims to be entitled as the magistrate before whom the proceedings originated.

The case comes before this court upon exceptions to the decision of the presiding justice in denying the writ.

The only question involved is whether the magistrate in criminal prosecutions originating before him is entitled to eighty cents for the trial of an issue, as in civil actions, and twenty-five cents for taxation of costs.

The fees to which trial justices are entitled by law in criminal prosecutions are provided for in § 2, c. 116, R. S. Those fees to which they are entitled in civil actions and other matters other than those of a criminal nature are specified in the first part of the section named; after that there follows a statement of those fees to which they are entitled in criminal prosecutions.

The allowance of eighty cents for the trial of an issue was evidently intended by the framers of the law to apply only to civil proceedings. This is more apparent when we come to examine the earliest statute upon this subject, establishing and regulating the fees of justices and other officers, passed February 13, 1796, (2 Mass. Laws, 699,) afterwards incorporated into the statutes of 1821, c. 105, § 1, and amended in 1835, c. 178, § 7. It will be found upon examination, that in those early statutes the express authority by which magistrates were allowed for "the trial of an issue" was contained in the paragraph relating to civil causes which was in these words : " For the entry of an action, or filing a complaint in civil causes, including filing of papers, swearing of witnesses, examining, allowing, and taxing the bill of costs and entering up the judgment and recording the same, sixty-one cents. The trial of an issue, fifty cents."

Following that, were the several paragraphs substantially the same as in the present statutes.

Matters relating to criminal prosecutions were,—as they still are,— grouped together in those separate paragraphs which form a different and distinct portion of the section referred to, and where the specific items of fees in all the proceedings relating to criminal prosecutions are definitely stated.

Had it been the intention of the framers of this statute to allow, in criminal proceedings, any additional fee to what is so clearly and specifically stated, we cannot help believing that they would have so expressed it.

As it is, we have no doubt of the correctness of the decision of

the court in denying the writ under the law as it then stood.

Since the plaintiff's claim originated, R. S., c. 116, § 2, has been amended by c. 345 of the Laws of 1885, so that the allowance of eighty cents for an issue is now limited by express enactment to civil cases.

*Exceptions overruled.*

PETERS, C. J., WALTON, DANFORTH, EMERY and HASKELL, JJ., concurred.